UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
LORI MILLER,

        Plaintiffs,

-against-

CAMERON COLVIN,
MARIA PANAYIOTA FRANGOS,
CAMCO COMMERCIAL INC.,
RISE ABOVE CREATIVE SOLUTIONS LLC,
CAMCO GALAXY AND TECHNOLOGY
INVESTMENTS, LLC,
RISE ABOVE DEVELOPMENT BA LLC,
RISE ABOVE DEVELOPMENT GYM LLC,
RISE ABOVE DEVELOPMENT INF LLC, and
ASEA SWIM LLC.,

        Defendants.
———————————————————————X

Civil Action No: 25-cv-2517

**<u>VERIFIED COMPLAINT</u>**

      Plaintiff, LORI MILLER (hereinafter "Plaintiff"), as and for complaint against the above- named Defendants, CAMERON COLVIN, MARIA PANAYIOTA FRANGOS, CAMCO COMMERCIAL INC., RISE ABOVE CREATIVE SOLUTIONS LLC (formerly known as RISE ABOVE LLC), CAMCO GALAXY AND TECHNOLOGY INVESTMENTS, LLC, RISE ABOVE DEVELOPMENT BA LLC, RISE ABOVE DEVELOPMENT GYM LLC, RISE ABOVE DEVELOPMENT INF LLC, and ASEA SWIIM LLC. (references to Defendant mainly refers to CAMERON COLVIN in his individual and principal capacities) alleges as follows:

## THE PARTIES

    1.    Plaintiff LORI MILLER is a natural person and is a citizen residing in New York, New York, within the County of New York, New York in the State of New York.

    2.    Defendant CAMERON COLVIN is a natural person and is a citizen residing

1

in Phoenix, Arizona.

3. Defendant MARIA PANAYIOTA FRANGOS is a citizen and natural person residing in Phoenix, Arizona.

4. Upon information and belief, Defendant CAMCO COMMERCIAL INC, is a Nevada Corporation, duly chartered and existing under the laws of that state.

5. Upon information and belief, Defendant RISE ABOVE CREATIVE SOLUTIONS is an Arizona Limited liability company, duly chartered and existing under the laws of that state.

6. Upon information and belief, Defendant CAMCO GALAXY AND TECHNOLOGY INVESTMENTS, LLC, is a Nevada Corporation, duly chartered and existing under the laws of that state.

7. Upon information and belief, Defendant RISE ABOVE DEVELOPMENT BA LLC, is an Arizona Limited liability company, duly chartered and existing under the laws of that state.

8. Upon information and belief, Defendant RISE ABOVE DEVELOPMENT GYM LLC, is an Arizona Limited liability company, duly chartered and existing under the laws of that state.

9. Upon information and belief, Defendant RISE ABOVE DEVELOPMENT INF LLC, is an Arizona Limited liability company, duly chartered and existing under the laws of that state.

10. Upon information and belief, Defendant ASEA SWIM LLC., is an Arizona Limited liability company, duly chartered and existing under the laws of that state.

11. Upon information and belief, the individual Defendants herein, either

individually or as principal(s) of the above listed corporate entities, used those entities to funnel Plaintiff's money to either avoid paying tax liability or for other illicit purpose(s).

## JURISDICTION and VENUE

12.     This Court has primary subject matter jurisdiction over the action pursuant 18 U.S.C. §1961(1) and §1962 a/k/a the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Secondarily, the court also has jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000 and the parties are citizens of different states.

13.     The venue of this action is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred within this District, giving rise to the claim within the Southern District of New York, 28 U.S.C. §1391.

## NATURE OF THE ACTION

14.      This action arises from a fraudulent scheme perpetrated by the Defendant, in particular Cameron Colvin, wherein he exploited a romantic relationship with the Plaintiff to illicitly obtain over $1,100,000 dollars in loaned money, with an agreement to pay her a total of $2,250,000. The Plaintiff, having been manipulated and deceived under false pretenses of love and commitment, was induced by the Defendant Cameron Colvin to transfer substantial sums of money over a prolonged period to the Defendant that all Defendants used for their benefit. The Defendant's actions constitute fraud, unjust enrichment, and breach of contract, causing significant financial and emotional harm to the Plaintiff. This lawsuit seeks to recover the misappropriated funds and seeks damages for the harm inflicted by the Defendant's deceptive conduct.

## RELATIONSHIP BETWEEN THE DEFENDANT AND THE PLAINTIFF

15.      In December 2018, the Defendant, Cameron Colvin, met the Plaintiff at the

Baccarat Hotel, where he initiated what was to be a mutual romantic relationship with the Plaintiff.

16.     Cameron Colvin pursued the Plaintiff romantically, presenting himself as a successful businessman and former NFL player who had temporarily fallen on hard times. Due to his public persona, he continually represented himself as a wealthy individual, with contacts throughout the national business community.

17.     Throughout their relationship, which began in 2018, Cameron Colvin continually approached Plaintiff to loan him and his various businesses money. From then on, he consistently assured the Plaintiff that he would repay any loan funds made by Plaintiff. In fact, to date, Defendant made multiple and recent, written promises to repay Plaintiff.

18.     Despite his claims, Cameron Colvin concealed critical aspects of his personal life from the Plaintiff, including his possible marriage and/or relationship with co-defendant, and upon information and belief co-conspirator, MARIA PANAYIOTA FRANGOS. Upon information and belief, the couple share a child; yet another fact Mr. Colvin never disclosed to the Plaintiff. Plaintiff later learned that the couple were together for 10 years.

19.     Defendant also misled the Plaintiff about his financial situation, repeatedly requesting substantial loans over the years, sometimes exceeding $100,000, under the promise that he would repay Plaintiff. While Defendant pleaded with Plaintiff that he needed money for food, evidence suggests that he had lavish parties and trips during the same time period of his multiple requests.

20.     Cameron Colvin claimed these funds were necessary to support his businesses, including CamCo Commercial Inc. and Rise Above LLC, as well as to maintain

his personal lifestyle. Over the years, Defendant directed Plaintiff to transfer the money to himself and his various corporate entities.

21. Despite his assurances, Cameron Colvin never reimbursed the Plaintiff for these loans, using the money instead to sustain his luxurious personal lifestyle.

22. In summary, Cameron Colvin deceived the Plaintiff by falsely portraying himself as a successful businessman facing temporary financial difficulties and by pretending to care for Plaintiff and seek a genuine relationship.

23. Cameron Colvin tricked the Plaintiff into believing that he cared for her and that they were building a future together in effort to extract funds for himself personally and for his business ventures, all the while promising Plaintiff repayment of loans. From the years following 2020 onward, he continually promised to repay Plaintiff for the funds she provided. His true intention was to defraud her out of significant financial resources for the benefit of all the Defendants under the guise of a romantic relationship.

**TRANSFERS OF FUNDS**

24. An itemized list of the hundreds of transfers Plaintiff made to Defendant from 2020 through 2023 is readily available, however, same is omitted herein for brevity. The lion's share of these transfers were made through the Venmo, Zelle and Chase payment portals. In summary:

25. In 2020, the Plaintiff sent the Defendant $186,308.67.

26. In 2021, the Plaintiff sent the Defendant $72,029.00.

27. In 2022, the Plaintiff sent the Defendant $524,425.

28. In 2023, the Plaintiff sent the Defendant $24,203.31.

5

**UNREPAID LOANS**

29. On or around July 27, 2022, the Defendant Cameron Colvin requested and received a loan from the Plaintiff of $129,000. The Defendant stated that the loan of $129,000 was for employee payroll and expenses. Repayment was to come from the businesses themselves. The Defendant did not repay the $129,000 loan to the Plaintiff.

30. On or around August 31, 2022, the Defendant requested and received a loan from the Plaintiff of $50,000. The Defendant stated that the loan of $50,000 was for a court cost. The Defendant did not repay the $50,000 loan to the Plaintiff.

31. On or around September 28, 2022, the Defendant requested and received a loan from the Plaintiff of $55,000. The Defendant stated that the loan of $55,000 was for an office building lease for a business. The Defendant did not repay the $55,000 loan to the Plaintiff.

32. After numerous demands to repay the above loans, and return at least the principal on Plaintiff's investments in Defendant's businesses, Mr. Colvin continually agreed and reaffirmed, in writing, to repay his debt to Plaintiff, even adding additional funds as a return on her investment. To date, he has paid nothing.

**COUNT I**
**(Breach of Contract)**

33. Plaintiff repeats and re-alleges each and every allegation above and incorporates by reference as if fully set forth herein.

34. On or about September 26, 2024, Defendant Cameron Colvin executed a Release and Settlement Agreement in which he affirmed his debt to Plaintiff in the amount of $1,600,000. This figure included an additional $500,000 over and above funds actually

6

transferred to Defendant by Plaintiff as an acknowledgement of a promised return on her investment.

35. The Release and Settlement Agreement was a valid and binding agreement between Plaintiff and Defendant.

36. Defendant never repaid any portion of the agreement as promised.

37. Plaintiff has suffered damages by such nonpayment in the face amount of $1,600,000.

30. Based upon Defendant's breach of the Contract, Plaintiff is entitled to an award of damages against the Defendants.

## COUNT II - RICO VIOLATION

31. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above and incorporates same herein as if fully set forth.

32. At all times relevant to this complaint, the Defendants and their corporate entities were and are enterprises as defined by 18 U.S.C. §1961(4) that are engaged in, and whose activities affect, interstate and foreign commerce. Upon information and belief, in addition to Defendants' business activities, they engaged in a pattern of racketeering activity in violation of 18 U.S.C. §1962(a), (b), (c), (d).

33. The Defendants herein are "persons" pursuant to 18 U.S.C. §1961(3).

34. The patterns of racketeering activity engaged in by the Defendants involved separate and/or related schemes, carried out by the solicitation of loan funds and the laundering of Plaintiff's money, and the allocation by Defendant(s) personally and among their various businesses in violation of 18 U.S.C. §1961(1) and §1962:

      a)      Inducing the procurement of funds from particular victims under the guise of a personal and/or business relationship;

      b)      Misrepresenting material facts as to the personal and/or business background of the Defendants;

      c)      Misrepresenting the legitimacy of certain shell companies in order to launder or otherwise illicitly procure money from Plaintiff and other victims;

      d)      Purposefully concealing material facts regarding the personal and business obligations to induce the procurement of Plaintiff's and other victim's funds;

35. The pattern of racketeering activity engaged in by the Defendants named herein involved fraudulent acts in support of the above schemes constituted mail and wire fraud (18 U.S.C. §1341 and §1343), engaged in monetary transactions in property derived from specific unlawful activity (18 U.S.C. §1957), all of which is "racketeering activity," as defined in 18 U.S.C. §1961(1).

36. The above described are numerous predicate acts of mail or wire fraud, and unlawful activity involving monetary transactions relating to the Plaintiffs and other victims. The predicate acts include multiple communications through various media containing misrepresentations or omissions made in furtherance of the schemes, derived from specified unlawful activity. The Plaintiff herein relied upon the misrepresentations and omissions directed at the Plaintiff by the Defendants as part of their pattern of racketeering activity, and as a result suffered substantial monetary damages.

## COUNT III
## (Fraud)

37.     Plaintiff repeats and re-alleges each and every allegation above and incorporates by reference as if fully set forth herein.

38.     Given the multiple material misrepresentations by Defendant to Plaintiff from the period 2020 through 2023 as to his financial wherewithal, the existence of substantial and continual loan money agreements, and the multiple inducements by Defendant, it was clear to Plaintiff that Defendant had no intention or perhaps even an ability of repaying Plaintiff from the beginning of their relationship.

39.     Upon information and belief, co-defendant and wife of Mr. Colvin, Maria Frangos, was aware of her husband's fraud as to Plaintiff; she was complicit as to said fraud, and/or otherwise knowingly benefitted from it at Plaintiff's substantial expense.

40.     Defendant Cameron Colvin knowingly and intentionally made the above false statements or misrepresented material facts to the Plaintiff in order to fraudulently obtain funds from Plaintiff.

41.     Plaintiff justifiably relied on the Defendant's multiple false representations over the years in question.

42.     As a direct and proximate result of the Defendant's fraudulent actions, the Plaintiff suffered financial harm in the principal amount of $1,600,000.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, for actual, consequential, incidental damages and punitive damages as follows:

  i.    Actual and compensatory damages in the sum of ONE MILLION SIX HUNDRED THOUSAND DOLLARS ($1,600,000);

    ii.        Punitive damages in an amount to be determined at trial but in the amount of at least THREE MILLION THREE HUNDRED THOUSAND DOLLARS ($3,300,000), for the willful and morally reprehensible conduct pursuant to the fraud Count;

    iii.       Attorney's Fees pursuant to the 18 U.S.C. 1964(c).

    iv.       Interest, costs, and disbursements;

    v.        Such other relief as the court may deem just proper.

Dated: New York, New York  
       March 27, 2025

**THE LINDEN LAW GROUP, P.C.**

*Jeffrey Benjamin*  
Jeffrey Benjamin, Esq.  
Attorneys for Plaintiff  
250 Park Avenue, 7th Floor  
New York, New York 10177  
(212) 655-9536

## VERIFICATION

STATE OF NEW YORK        )
                         :ss
COUNTY OF NEW YORK       )

LORI MILLER being duly sworn, depose and say:

That deponent is the individual Plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

Dated: March 25, 2025

*[signature]*
LORI MILLER