UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LORI MILLER,

                       Plaintiff,

      -against-

CAMERON COLVIN, ET AL.,

                  Defendants.

---------------------------------------------------------------- X

: **OPINION AND ORDER**
: **GRANTING MOTION TO**
: **ENFORCE SETTLEMENT**
: **AGREEMENT**

: 25 Civ. 2517 (AKH)

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

        Plaintiff Lori Miller filed suit against Cameron Colvin, CamCo Commercial, Inc. ("CamCo"), and others on March 27, 2025, alleging breach of contract, RICO violations, and fraud. *See* ECF No. 1 at 6-9. I have subject matter jurisdiction pursuant to 18 U.S.C. §§ 1961-64 and 28 U.S.C. § 1332. Plaintiff moves to enforce a settlement agreement dated June 30, 2025. *See* ECF Nos. 44, 45.

FACTUAL BACKGROUND

        Plaintiff Lori Miller alleges that Defendant Cameron Colvin fraudulently induced her to loan him over $1,100,000, as part of a RICO scheme between Colvin and other Defendants. *See* ECF No. 1 at 3, 7-8. Plaintiff brings a breach of contract claim stemming from an agreement in which Colvin agreed to repay money lent to him by Plaintiff. *See id.* at 6-7. She also brings RICO and fraud claims. *See id.* at 7-9.

        On June 18, 2025, the parties advised me they had reached a settlement in principle. *See* ECF No. 14. That same day, I entered an order dismissing the case subject to restoration by either party within 30 days on notice. *See* ECF No. 15.

        On June 30, 2025, Plaintiff entered into a settlement agreement with Cameron Colvin and CamCo to resolve this civil action. *See* ECF No. 44-3. The agreement describes

1

CamCo as acting on behalf of Maria Panayiota Frangos, Rise Above Creative Solutions LLC, Cameo Galaxy and Technology Investments, LLC, Rise Above Development BA LLC, Rise Above Development Gym LLC, Rise Above Development Inf LLC, and Asea Swim LLC (collectively the "CamCo Parties"), each of whom or which were named as co-Defendants. *See id.*

The agreement outlined that Colvin and CamCo (collectively referred to as "CamCo" in the settlement agreement) were to pay Plaintiff $1,925,000 by July 25, 2025. *See id.* Colvin and CamCo agreed that if they failed to tender payment in compliance with the agreement, they "consented to entry of a monetary judgment in the sum of $1,925,000 (the "Consent Judgment") against" them. *Id.* The notarized agreement was signed by Plaintiff and Cameron Colvin individually and on behalf of CamCo Commercial, Inc., and by the parties' attorneys. *See id.* The agreement describes CamCo as acting on behalf of the aforementioned CamCo Parties. *See id.*

No payment was made. On July 28, Plaintiff requested I return the case to active status, informing me Defendants did not appear to be abiding by their obligations under the executed settlement agreement. *See* ECF No. 16.

On July 29, I ordered the case to be reopened. *See* ECF No. 17. Defendants filed an answer to the complaint on September 2, 2025. *See* ECF No. 31.

On October 10, 2025, Plaintiff moved to enforce the settlement. *See* ECF No. 44.

Ongoing criminal proceedings in Arizona relate to this civil proceeding. *See* ECF No. 56-1.

## DISCUSSION

Defendants argue that I lack jurisdiction over the instant motion, citing *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), and *Hendrickson v. United States*, 791

F.3d 354 (2d Cir. 2015), because the Court did not retain jurisdiction in its dismissal order. *See* ECF No. 50 at 4-6.

Defendants' argument is misplaced. The case has been reopened, and the instant motion was filed while the case was active. "'A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.'" *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409 (2d Cir. 2013) (citation omitted). "'[B]ecause the case was open when the pending motions were filed, the Court ... has jurisdiction over this [settlement] dispute.'" *Barnes v. Jolly*, No. 6:10-CV-06164 EAW, 2021 WL 5989777, at *2 (W.D.N.Y. Dec. 16, 2021) (*quoting Bluelink Mktg. LLC v. Carney*, No. 16-CV-7151 (JLC), 2017 WL 4083602, at *4 (S.D.N.Y. Sept. 15, 2017)); *see also T St. Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009). Furthermore, the agreement itself provides that "the exclusive jurisdiction and venue for any action related to this Agreement shall be the U.S. District Court for the Southern District of New York." ECF No. 44-3.

Plaintiff and Defendant Cameron Colvin, individually and on behalf of CamCo Commercial, Inc., executed a written settlement agreement resolving this action. *See* ECF No. 44-3. The agreement provides that, in the event of nonpayment, the obligor consents to entry of judgment in the amount of $1,925,000. *See id.*

The record establishes the execution of the agreement and Defendants' failure to perform. Defendants' evidentiary objections are unpersuasive and do not raise a material factual dispute requiring further discovery.

The settlement agreement is enforceable according to its terms. The agreement provides that if CamCo and Colvin failed "to tender the Payment in compliance ... [with the agreement, they], shall be deemed to have consented to entry of a monetary judgment in the sum of $1,925,000" against them. ECF No. 44-3. That condition has been met. Additionally,

3

Plaintiff is "permitted to file this Agreement as part of *any* subsequent court action if CamCo [and Colvin] fail[] to comply." *Id.* (emphasis added).

The agreement is enforceable against its signatories. Any dispute regarding non-signatory defendants does not preclude enforcement of the agreement against its signatories.

Accordingly, the agreement is enforceable against Defendant Cameron Colvin and CamCo Commercial, Inc. Plaintiff's motion is granted to that extent.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to enforce the settlement agreement against Defendants Cameron Colvin and CamCo Commercial, Inc., is granted. Defendants Cameron Colvin and CamCo Commercial, Inc. shall pay Plaintiff the amount of $1,925,000 in accordance with that agreement.

Plaintiff's request for attorney's fees is denied without prejudice. *See Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) ("all applications for attorney's fees [shall] be supported by contemporaneous records") (citation omitted); Fed. R. Civ. P. 54(d)(2).

The Clerk shall terminate ECF No. 44.

SO ORDERED.

Dated:      April 13, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4